## ATTACHMENT B

The following items are to be seized as evidence, fruits, and instrumentalities of violations of 7 U.S.C. § 2156:

     1.     All live or dead dogs, to include American Pit Bull Terriers, including puppies born or unborn; found above or below ground;

     2.     Other animals capable of being used in the dogfighting training process;

     3.     All dogfighting paraphernalia, including but not limited to: treadmills, cat-mills, slap mills, jenny mills, exercise wheels, hides or other material used as hanging devices to strengthen or condition dogs, collars, leashes, chains, and other devices capable of being used to exercise or restrain fighting dogs, wooden sticks or handles capable of being used to pry open dogs' jaws, breeding stands, weight scales, and any washtubs, buckets, pails, and sponges capable of being used to wash dogs;

     4.     Any books, magazines, photographs, film, videotapes, or writings that contain material that depicts or promotes dogfighting or training;

     5.     Any awards, trophies, plaques, or ribbons promoting or relating to dogfighting;

     6.     Any film, video or audio recordings, memory cards, or other storage devices capable of recording dogfighting activity;

     7.     Animal carrying cases, pens, chains, or leads;

     8.     Antibiotics, drugs, or vitamins capable of being used to treat injured dogs or to enhance their performance, needles and syringes capable of being used for the administration of such drugs, suture or surgical staple kits and other veterinary supplies, and commercial dog food;

9.    Registration papers or other materials, written or otherwise, showing ownership or transfer of dogs, including bills of sale, pedigrees, breeding records, transport documents, shipping records, certificates, receipts, and veterinary records;

10.    Any documents and records of financial accounts or transactions related to payment for or proceeds from or related to dogs, including account statements, deposits, withdrawals, checks, debits, wire transfers, or other documents;

11.    Any dogfighting records, including names and telephone numbers of persons suspected of being dog fighters, any rules, contracts, training logs, breeding records or other written agreements concerning the fighting of dogs;

12.    Any constructed enclosures or components of any pits or enclosures capable of being used for the purpose of dogfighting, training dogs for fighting, or housing dogs intended to be used for fighting, including any carpeting or other materials used on the floor or walls of such enclosures;

13.    Any dog or other animal carcasses located or buried on the property, or parts or skins thereof;

14.    Any flooring or wall components displaying evidence of blood, fur, or other animal matter;

15.    Any utensils or weapons capable of being utilized in the killing of animals, to include ropes, wire, guns, rifles, spent shotgun shells, spent bullet cartridges, buckets, barrels, or other devices capable of being used to drown dogs, baseball bats, metal pipes, batteries, electrical wires and clips, knives, and barrels, flammable substances, and other items capable of being used to burn live or dead dogs;

16.     Devices capable of being used to deter barking in dogs, including collars, sprays, and sonic emitters;

17.     Deposits of blood, fur, or other animal matter located on the property;

18.     Material (e.g., from buccal (cheek) swabs) for DNA determination from all live dogs for purposes of comparison with other blood/tissue evidence;

19.     Any and all materials reflecting the destruction of evidence at that location, including destroyed, damaged, or tampered with documents, flooring, wall components, or other structures;

20.     Soil, blood, fur, animal skins, and vegetation from the property to be used for forensic testing;

21.     For any electronic storage media whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant:

a.      evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b.      evidence of software that would allow others to control the electronic storage media, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c.      evidence of the lack of such malicious software;

d.    evidence of the attachment to the electronic storage media of other storage devices or similar containers for electronic evidence;

e.    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

f.    evidence of the times the electronic storage media was used;

g.    passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

h.    documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

i.    records of or information about Internet Protocol addresses used by the electronic storage media;

j.    records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

k.    contextual information necessary to understand the evidence described in this attachment.

22.    In order to search for the items described above that may be maintained in electronic storage media, law enforcement personnel are authorized to search, copy, image, download, and seize the following items for off-site review:

a.    any electronic storage media capable of being used to commit, further or store evidence of the Specified Federal Offenses; and

b.    any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the electronic storage media.